```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

PROPAK LOGISTICS, INC.                                     PLAINTIFF

v.                         CASE No. 04-2178

FOUNDATION INSURANCE COMPANY                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Separate Defendant Foundation Insurance Company's ("Foundation") Motion for Summary Judgment (Doc. 120). Summary Judgment was granted for Defendant Guarantee Insurance Company on September 14, 2006. On June 8, 2007, Foundation filed its Motion for Summary Judgment, Statement of Facts (Doc. 122), and Brief in Support (Doc. 121). Plaintiff has not responded to Foundation's Motion for Summary Judgment and counsel for Plaintiff has advised the Court it will not respond to the Motion.

Federal Rule of Civil Procedure 56(e) provides that when an adverse party does not respond to a Motion for Summary Judgment, summary judgment, if appropriate, shall be entered against the adverse party. The Court concludes that the motion for summary judgment is granted for the reasons set forth herein.

Defendant Foundation has filed a Statement of Facts which are uncontroverted by Plaintiff as it chose not to file a response. As such, the Court accepts them as true. These facts establish that in 2002, Plaintiff obtained a worker's compensation policy from non-party Clarendon National Insurance Company (Clarendon).

Pursuant to an existing agreement with Clarendon, Defendant agreed to reinsure the policy.  Defendant, as reinsurer for the worker's compensation policy, entered into a Risk Sharing Agreement with Plaintiff under which the two agreed to share in any gains or losses that Defendant experienced as the reinsurer for the Clarendon policy.  Under the terms of the agreement, if losses were less than anticipated, Plaintiff would be able to recover a portion of the premium it paid to Clarendon for its coverage.  However, if losses were greater than anticipated, Plaintiff would be required to pay additional monies to Defendant in excess of its original premium remitted to Clarendon.

Pursuant to the agreement between Plaintiff and Foundation, Plaintiff agreed to pledge a letter of credit as security for its potential obligations.  The letter of credit was initially in the amount of $300,000.00, but later replaced with a letter of credit in an increased amount of $425,000.00.  In July of 2004, the letter of credit was drawn upon by Bank of America, although the reason for the draw-down is disputed by the parties.

Following the draw-down of the letter of credit, Plaintiff commenced the instant lawsuit in which it alleges the draw-down constituted a violation of the Risk Sharing Agreement entered into between Foundation and Plaintiff.  Plaintiff further alleges that the draw-down constituted a conversion of the funds pledged under the letter of credit.

In an unrelated proceeding in 2005, litigation was initiated against Defendant by Eleanor Kitzman, Director of the South Carolina Department of Insurance, in the Richland County, South Carolina, Court of Common Pleas. It was alleged that Defendant, a South Carolina domiciliary, was insolvent and lacked sufficient resources to meet expected losses under policies the company reinsured.

As a result of the South Carolina action, a Consent Order Declaring Insolvency, Commencing Rehabilitation Proceedings and Granting an Injunction and Automatic Stay of Proceedings was entered on October 3, 2005. The Director of the South Carolina Department of Insurance was appointed Receiver to act on behalf of Defendant. Over the next few months, the Receiver attempted to ascertain whether rehabilitation of Foundation was feasible.

After the Director apparently made the decision that Foundation could not be rehabilitated, an Order was entered on March 24, 2006, by the South Carolina Court Declaring Insolvency, Commencing Liquidation Proceedings, and Granting an Injunction and Automatic Stay of Proceedings. As a result of the March 24, 2006, Order, the Director was appointed Liquidator of Foundation.

In her role as Liquidator, the Director was, among other things, ordered to notify potential creditors of Foundation of the liquidation and advise them of the opportunity to file claims against any assets of Foundation. For claims to be considered,

creditors were required to set forth their claims on such forms and accompanied by such proof as was required by the Director.

On September 7, 2006, the Director forwarded notice of the Liquidation to all proposed policyholders and creditors of Foundation. The notice stated that the Director proposed to release and distribute the assets of Foundation to Clarendon National Insurance Company. According to the notice, these assets had been pledged as collateral for Foundations's obligations under certain reinsurance agreements. The notice stated that the Director would file a formal petition to release the assets as proposed within thirty (30) days after posting the notice.

A copy of the notice was to be forwarded to Plaintiff, but it was inadvertently mailed to Shane Stabala, counsel for Foundation. Upon receipt of the notice, it was forwarded on September 15, 2006, to both this Court and to Walton Maurras, counsel for Plaintiff.

On September 20, 2006, Mr. Maurras wrote the South Carolina Department of Insurance and requested copies of the petition to distribute assets and the March 24, 2006 Liquidation Order.

A response was forwarded to Mr. Maurras on October 3, 2006, by the Department. The response included a copy of the March 24, 2006 Liquidation Order which stated that a petition for distribution of assets had not yet been filed. The correspondence further stated that Mr. Maurrass' name had been added to the list of persons to be served with a copy of the Petition when filed.

On December 18, 2006, the Director, as liquidator of Foundation, filed a Petition and Proposal for Distribution of Assets. The Certificate of Service attached to the Petition reflects that a copy was served upon Mr. Maurras. In the Petition, the Director proposed that all remaining assets of Defendant, totaling $683,237.33, be released to Clarendon National Insurance Company for payment of workers' compensation claims on policies of insurance upon which Foundation has agreed to provide reinsurance. This would include the policy issued to Plaintiff. The Petition further reflected that, as of December 18, 2006, eight "class six" claims, or claims of general creditors, had been submitted but that none had been approved or recognized as claims against the estate of Defendant. The Director represented that four of the claims submitted had been settled or were in the process of being settled.

Following the December 18, 2006 Petition, an Order Approving Petitioner's proposal for Distribution of Assets was entered on February 7, 2007. In that Order, the South Carolina Court approved the proposed distribution of Defendant's assets, totaling $683,237.33 to Clarendon National Insurance Company. The $683,237.33 figure represented all remaining assets of Defendant at the time the Order was entered. As of the date the Order was entered, Plaintiff had not submitted a claim in the rehabilitation and liquidation action.

Foundation contends that because Plaintiff failed to submit a

claim against the liquidation to the estate, it is now barred from obtaining relief against Defendant under both South Carolina and Arkansas law.  The Court agrees Plaintiff is so barred.  South Carolina has adopted a version of the Uniform Insurers Liquidation Act.  *Smalls v. Weed*, 360 S.E.2d 531 (S.S. App. 1987).  The Act provides that once a receiver is appointed for an insolvent insurer, all claims against the insurer must be presented either to the domiciliary receiver, or to an ancillary receiver appointed in a "reciprocal state."  *Martin Ins. Agency, Inc. v. Prudential Reinsurance Co.*, 910 F.2d 249 (5th Cir. 1990).  Under South Carolina law, the failure of a potential creditor to submit a claim in the liquidation estate, or have an ancillary estate opened in a reciprocal state, is conclusive as to that creditor's rights.

Accordingly, Separate Defendant Foundation Insurance Company's Motion for Summary Judgment (Doc. 120) is hereby GRANTED.
IT IS SO ORDERED.

Dated:   August 8, 2007  
                                             /s/ Robert T. Dawson  
                                             Honorable Robert T. Dawson  
                                             United States District Judge